## GODBOLD *vs.* BLAIR & CO.

[ACTION UNDER CODE ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Amendment of complaint.*—When suit is brought in the name of a firm, on an open account for goods sold and delivered, if the evidence shows that a party not joined was a partner in the firm at the time the account was contracted, the complaint may be amended (Code, § 2403) by adding his name.

2. *Proof of merchant's account by parol testimony of clerk and by his books.*—A merchant's books are not admissible evidence for him, in a suit on an account, except by the defendant's consent; nor, conceding their admissibility, would they be higher or better evidence than the positive testimony of his clerk, who swears to the sale and delivery of the articles, although he cannot recollect their dates, and has never compared the account with the books.

3. *Charge requiring explanation erroneous.*—A charge asked, which, to prevent it from misleading the jury, requires to be qualified or explained, may properly be refused.

4. *Sufficiency of evidence to authorize recovery.*—Positive certainty is not ordinarily attainable in actions on open accounts: if the jury are reasonably satisfied from the evidence of the existence of the facts which constitute the alleged indebtedness, it is sufficient to authorize a recovery by the plaintiff.

APPEAL from the Circuit Court of Baldwin.

Tried before the Hon. CHARLES W. RAPIER.

THIS action was brought by Henry D. Blair, trading under the name and style of H. D. Blair & Co., against C. M. Godbold, to recover the amount of an open account for goods, wares, and merchandize sold and delivered by plaintiff to defendant previous to the 20th day of April, 1854.

"The only witness introduced by plaintiffs to sustain their action, was one S. F. Freeman, who testified, that he was and had been the plaintiff's clerk; that the account sued on was correct; that he sold and delivered to the defendant the goods charged in said account, and that the sum sued for was still due and unpaid. Upon his cross-examination by defendant's counsel, he said, that the account shown and sued on in this case was not in his handwriting; that he did not compare said account with plaintiffs' books; that he could not, unless he had the entries he had made in plaintiffs' books to

refer to, to refresh his recollection, state at what dates the particular items in said account were sold and delivered to defendant; that he did not bring the books, because he did not know they would be wanted; that he could not, without said books, state whether the items mentioned in said account were sold and delivered to the defendant on the dates specified in the account; that a portion of the goods charged in said account were sent to the defendant on his written orders; that he had never seen the defendant write; that he had not said orders with him, nor could he recollect what items in the account were sold upon said written orders; and that he could not designate from memory any particular item in the account as having been sold and delivered to the defendant on the dates mentioned in said account. Upon his re-examination by plaintiffs' counsel, the witness stated, that though he could not recollect the particular dates on which the items in said account had been sold and delivered to defendant, yet he knew that said account was correct,—that all the items stated had been sold and delivered to the defendant, and that the amount sued for was due by defendant to plaintiffs.

"This was all the evidence in the cause; and upon this evidence the defendant asked the court to charge the jury, 'that they must be satisfied from the proof that the goods charged in the account were sold and delivered to the defendant, or the plaintiffs could not recover'; which charge the court gave. The defendant further asked the court to charge, 'that what the witness said in reference to the books and orders was not evidence to prove the account sued on—that the books and orders were the best evidence, and should have been produced'. This charge the court refused, because the evidence as to the books and orders had been elicited by the defendant's counsel, on his cross-examination of the witness, and had permitted said evidence to go to the jury without objection on his part; and further charged the jury, that if they were reasonably satisfied from the proof that the goods had been sold and delivered to the defendant by the plaintiffs, they should find for the plaintiffs. To the refusal to charge as asked, and to the charge given, the defendant excepted."

38

" After the plaintiff had closed his evidence, it having been disclosed upon the cross-examination of the plaintiffs' witness by the defendant's counsel that the firm of H. D. Blair & Co., at the time the debt sued for was contracted, was composed of said Henry D. Blair and David S. Sedberry, as copartners under the name and style of H. D. Blair & Co., the defendant moved to exclude the evidence from the jury; but the court, upon the plaintiffs' counsel asking leave to amend the summons and complaint by making said Sedberry a party plaintiff, refused to exclude the evidence from the jury, and allowed the proposed amendment. The defendant objected to this, and, his objection having been overruled, excepted."

These rulings of the court are now assigned for error.

WM. BOYLES, for the appellant.

A. R. MANNING, contra.

CHILTON, C. J.—Section 3403 of the Code invests the court with ample power to permit an amendment of the complaint by striking out or adding new parties plaintiff or defendant. There was, therefore, no error in allowing the plaintiff to amend the complaint by inserting the name of Sedberry as composing, with Blair, the firm of H. D. Blair & Co.

The witness proved the sale and delivery of the goods, the price of which was sued for, by the plaintiff to the defendant. He could not, however, remember the dates. Upon cross-examination he stated, that he never had compared the account with the books. He also testified, that some of the goods were furnished on written orders from the defendant, but he had never seen the defendant write. Neither the books of account, nor the orders, were produced. The defendant asked the court to charge the jury, " that they must be satisfied from the evidence that the goods charged in the account were sold and delivered to the defendant, or the plaintiff could not recover." This charge the court gave. He then asked the further charge, "that what the witness said in reference to the books and orders was not evidence to prove the account sued upon—that the books and orders were the best evidence, and should have been produced."

It may be conceded, that the evidence of the books and or-

ders, upon a proper application, should have been ruled out, although elicited by the defendant and allowed to go to the jury without objection ; and yet the court below did not err in refusing this charge. It asked more than the exclusion of the evidence of the books and orders, in that (at least indirectly) it sought to raise a presumption adverse to the plaintiffs by reason of their not producing the books, &c. The latter part of the charge asked was erroneous, as it assumed that the books were the best evidence; whereas they were not admissible as evidence at all, except by the consent of the defendant. But, if we concede they were evidence, they constituted no higher evidence of the sale and delivery of the goods, than the positive proof of the witness, who testifies to their sale and delivery. Aside, however, from this, the charge was improper in another aspect. If it had been given, the jury might well have inferred, as the best evidence had been suppressed, that they should disregard the evidence of the sale and delivery and find for the defendant. And the court, in order to prevent such charge from misleading them, must have gone farther, and have told them, that although the books and orders were higher and better evidence of their contents than parol proof of what they contained, still, if the jury believed the goods had actually been sold and delivered, and remained unpaid for, the plaintiff was entitled to recover, although they were not produced. The rule is, that where a charge as asked requires to be qualified, or explained, to prevent it from misleading the jury, it may properly be refused.—Swallow v. The State, 22 Ala. R. 20; Ross v. Ross, 21 ib. 322.

No objection has been pointed out to the affirmative charge, that if the jury were reasonably satisfied that the goods were sold and delivered to the defendant by the plaintiff, they should find for the plaintiff. We see no error in this charge. Positive certainty is ordinarily not attainable in such cases. It is sufficient if the jury, as reasonable men, are satisfied as to the existence of the facts which constitute the indebtedness.—Hopper v. Ashley, 15 Ala. R. 457.

Judgment affirmed.