| 63 | 601 |
| 111 | 673 |

# Memphis and Charleston Railroad Company *v.* Maples.

### *Action by Railroad Company on Bond of Agent.*

1. *Proof of account from book-entries.*—A witness, testifying to the correctness of an account, may aid his memory by consulting the entries in books, when he himself made them, and had knowledge of their correctness when he made them; but he can not testify to the correctness of an account, as made out from books in his custody and possession, when he did not himself make the entries, and has no knowledge of the matters of account except as derived from the books.

2. *Deposition ; when motion to suppress may or must be made.*—A motion to suppress a deposition, or a portion thereof, for defects or causes which may be remedied on a re-examination of the witness, must be made before the trial is begun; but illegal evidence may be suppressed and excluded at any stage of the cause, when it does not appear that it could be rendered legal on a re-examination of the witness.

3. *Proof of account.*—An account is not documentary evidence, nor governed by the rules which apply to primary and secondary evidence.

4. *Rules and instructions to railroad agents ; relevancy as evidence on question of agent's default.*—In an action by a railroad company, against the sureties on a bond given by one of its depot-agents, to recover for an alleged default of their principal for money received and not accounted for, the instructions given by the company to such agents, requiring them to make monthly reports, are not relevant or competent evidence for the plaintiff, when it does not appear that the alleged default is shown by the monthly reports of the agent, nor that he violated his duty in failing to make such reports

5. *Deposition taken de bene esse ; when suppressed.*—When the deposition of a witness is taken, on the statutory ground that the defense, or a material part thereof, depends exclusively on his testimony (Code, §§ 3069, 3078), and is offered in evidence on the trial by the plaintiff, it will be suppressed, on motion, if the witness is shown to be alive, and to reside within the county where the court is held.

6. *Agent's admissions ; admissibility against principal or his sureties.*—The admission of an agent, not made at the time of doing an act in the exercise of his authority, nor explanatory of any contemporaneous act in the execution of his agency, is not competent evidence against his principal, nor against his principal's sureties.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. LOUIS WYETH.

This action was brought by the appellant, " a body corporate under a charter from the States of Tennessee, Mississippi, and Alabama," against Moses Maples and Frank E. Cotten; was commenced on the 5th February, 1872, and was founded on a penal bond executed by the defendants as sureties, together with Samuel E. Kennamore, their principal, since deceased; which bond was dated the 4th May, 1868, and was conditioned for the faithful discharge by said Kennamore, as the plaintiff's agent at Paint Rock, of all the duties of his said office, without detriment or loss to the plaintiff by his act or default. The only breach of this bond, assigned in the complaint, was the failure of said Kennamore to pay over to the plaintiff " divers sums of money which had been collected by him, as agent aforesaid, during his said term of office." The defendants pleaded, "in short by consent," *nil debent*, and performance by the said Kennamore of all his duties as such agent; and also a special plea, which alleged, in substance, that on the 13th January, 1870, a violent storm of wind and rain passed over Paint Rock in Jackson county, which utterly demolished the depot-building at that station, and carried away and destroyed certain goods, tickets, &c., which were in the possession of said Kennamore as agent, and which were charged to him on the plaintiff's books, and the failure to account for which constituted the alleged default here sued for; that the loss thereby caused was unavoidable, and resulted from a force which no human power could control, and therefore the defendants were not responsible for it or its consequences. On each of these pleas issue was joined.

On the trial, as the bill of exceptions shows, the plaintiff read in evidence the bond on which the suit was founded, and then offered to read the deposition of S. R. Cruse, which had been taken on interrogatories and cross-interrogatories. Said Cruse was the plaintiff's secretary and treasurer, and resided at Memphis; and he testified that S. A. Kennamore was the plaintiff's depot-agent at Paint Rock station in Jackson county, from February, 1866, until February, 1870. The 4th and 5th direct interrogatories to this witness, and his answers thereto, were as follows: *Int.* 4. " State, also, how his account " [said Kennamore's] " in that employment stood, and yet stands with said plaintiff; whether the plaintiff was indebted to him, or he indebted to the company; and how that account now stands; and what balance, if any, exists against said Kennamore; and if so, how much, and when due, and on what consideration is it due, and for what." *Answer.* " S. E. Kennamore died indebted to the Memphis and Charleston Railroad Company, of which he was the

agent at Paint Rock, Alabama; and after all credits were given him on account that were right and proper, his account shows him to be indebted to the said company in the sum of $97.68; and said balance is the difference between the cash received by him for said company, and the amount paid over by him, including a claim ($75) for stock killed, which the company has allowed him in the account." *Int.* 5. "Can you give a statement of the account, as it stands between them? If so, make the same a part of your deposition, and let it be certified by the commissioner," &c. *Answer.* "The account is herewith filed." The account appended to the deposition of the witness commences on the 28th February, 1866, and closes on the 28th February, 1870; and the entries consist of debits for "freights" and "passage," and credits for cash received, almost every day during that period. In answer to cross-interrogatories, the witness stated, also, "I am the secretary and treasurer of the said railroad company, and am the custodian of all books pertaining to the office of secretary and treasurer;" "I am able to state the account from the books of the company;" "All the information I have as to his indebtedness, and the mode of ascertaining it, I have given above;" "I receive and disburse the cash receipts of said company;" "I cannot, exclusively from memory, and without reference to said books, give the state of the account between plaintiff and said Kennamore." At the time of filing cross-interrogatories to this witness, the defendants also filed the following objections to the 4th and 5th direct interrogatories: "Defendants object and except to so much of the 4th interrogatory by plaintiff as begins '*how that account stands*,' and ending, '*if so, how much*,' &c.; and to any answer thereto, as may be taken or transcribed from any book or books of plaintiff—1st, because said evidence is secondary, and there is, or was, original evidence of said transaction; 2d, because no predicate has been laid for the introduction of secondary evidence. Defendants take and insist upon like specific objections to the 5th interrogatory, and assign said objections thereto."

When the plaintiff offered the deposition in evidence on the trial, as the bill of exceptions states, "the defendants urged the specific objections stated with their cross-interrogatories; which objections were severally sustained by the court, and the plaintiff thereupon, to each ruling, duly excepted. The defendants then, orally, and for the first time (other than said written objections) objected to the whole of said witness' answers to the direct interrogatories numbered 4, 5, and 6. To the allowance of this objection at this stage of the cause, and to the objection itself, the plain-

tiff objected ; but the court overruled plaintiff's objections, and sustained the defendants' said objections ; to which rulings, severally, the plaintiff excepted.   Afterwards, during the progress of the trial, the court altered its ruling in this regard, and instructed the jury that, if they determined from all the evidence that the said account was the original account of said S. E. Kennamore with the plaintiff, then they must not exclude said testimony from their consideration; and if they determined that said account was not the original, but a copy, they·must exclude all that said witness stated in his answers to the 4th, 5th, and 6th interrogatories, in regard to that account, and statements he makes based on said account, or in reference to it.   The court further instructed the jury at the same time, in this connection, that the best evidence of the account was the original account between the plaintiff and said Kennamore, and unless the plaintiff proved the loss or destruction of such original, neither the statements of the witness, nor a copy of the account, could be considered by them against the defendants' objections. To all which action of the court, and to each of said instructions separately, the plaintiff duly excepted."

The plaintiff then offered to read to the jury a written admission by the defendants, made before the trial was entered upon, " subject to all legal exceptions," " as to what plaintiff would prove by said Cruse, in addition to his deposition," as follows : " Plaintiff expects to prove, by said S. R. Cruse, *that the freight charge due upon balance of freight on hand January 1st, 1870, and the amount of freight charge due on freight received and undelivered, between January 1st and January 17th, 1870, did not amount to the balance due by said Kennamore in the account made a part of the deposition of said Cruse;* and further, that the agents are never charged with the tickets received by them, except those which are actually sold, and reported by the agent as sold ; and that in this case no tickets are charged, except those reported by said Kennamore as having been sold by him ; also, that the default sued for in this action was not occasioned by the storm in January, 1870."   The defendants admitted, " that said Cruse, if his deposition was taken, would make the statements herein contained; " but, when the admission was offered in evidence by the plaintiff, they objected to the italicized portion, but without specifying any particular ground of objection ; which objection the court sustained, and the plaintiff excepted.

"The plaintiff next introduced John Snodgrass as a witness, who was the plaintiff's depot-agent at Scottsboro, in Jackson county, from 1865 up to the present time; and pro-

[Memphis & Charleston R. R. Co. v. Maples.]

posed to prove by him the instructions received, and the duties required by plaintiff of its depot-agents, in the years 1869 and 1870, and the custom of plaintiff to require said agents to report to the general office at Memphis, Tennessee, monthly, the cash received by them, tickets on hand unsold, and freight on hand on which the charges had not been paid; and that the depot-agents were required to make monthly reports—1st, to the general freight-agent, the freight undelivered, and the freight charges due and uncollected; 2d, to the general ticket-agent, the number of tickets on hand unsold; 3d, to the treasurer and secretary, the cash received and on hand; and that the treasurer and secretary only charges the depot-agents, upon his books, with cash received by agents. Witness stated, that his knowledge of these instructions, duties, and customs, was derived from the general printed orders of the company, issued at that time, and addressed to the depot-agents generally; and that they were also printed on the stationery furnished by the company to its depot-agents, upon which they were required to make reports, and upon which the said agents made their said monthly reports; and that he only knew these instructions and customs from said printed regulations which came to his own office, except that he once assisted the agent at Woodville in said county in making out his reports, and he had the same instructions and printed regulations. To all of this proposed testimony by said Snodgrass, the defendants objected, and the court sustained their objections, so far as related to the testimony tending to prove the custom, regulations, and instructions of the plaintiff, but allowed it to go to the jury as evidence of the dealings of plaintiff with said witness, and in one instance with the agent at Woodville; and the plaintiff excepted. The plaintiff next proved, by said Snodgrass, that he had none of said printed instructions and regulations, but had some issued since that time, which were the same in all respects, except possibly in the matter of form, with those in use in 1869-70; and plaintiff offered to introduce in evidence the following printed regulations and instructions to depot-agents." (These instructions are dated, respectively, January 1st, and March 16, 1866, and relate to the various duties required of depot-agents.) "The defendants did not object to this evidence; but the court stated, that the court would charge the jury they could not consider it as tending to establish any custom or regulation of the plaintiff, or requirement or instruction by plaintiff to its depot-agents; to which statement of the court, and to the charge as proposed, and as actually afterwards given, the plaintiff duly excepted."

The defendants had taken the deposition of George W. Kennamore, on the ground that "a material part of the defense depends exclusively on the testimony of said witness," but they did not offer it in evidence on the trial; and the plaintiff having offered it in evidence, the defendants objected to its admission, "on the ground that said witness lived in said Jackson county, within one hundred miles of the court-house; which objection was sustained by the court, and the plaintiff duly excepted." The plaintiff having here rested its case, the defendants introduced a witness who stated, "that he was familiar with the handwriting of said S. E. Kennamore, deceased, and that, in his opinion, the account exhibited with the deposition of said S. R. Cruse was not the handwriting of said S. E. Kennamore." Plaintiff then offered to prove by said witness, on cross-examination, "that said George W. Kennamore was the agent of said S. E. Kennamore, and conducted for him his said business as depot-agent; and that said George W. Kennamore had admitted to witness, shortly after said storm (about the 7th January, 1870), and while he was thus acting as clerk and business manager of said depot-agency for said S. E. Kennamore, that there was a package of money ($17.50) which belonged to the plaintiff, sealed up, and put in the express-book the morning of the storm, to be sent to the plaintiff's secretary and treasurer, but which was blown away by the storm, and was afterwards found, and delivered to said George W. Kennamore, as such clerk and business manager for said S. E. Kennamore, and that he converted it to his use, and never accounted to plaintiff for it." The defendants objected to this testimony as proposed, "because it failed to connect S. E. Kennamore with it, and because it was hearsay, and because said George W. Kennamore was alive." The court sustained the objection, and excluded the evidence; to which ruling, also, the plaintiff excepted.

The several rulings of the court on the evidence, to which exceptions were reserved as above stated, with the charges to the jury, and the refusal of several charges asked, which require no special notice, are now assigned as error.

BEIRNE, HUMES & GORDON, for appellant.

STONE, J.—The testimony of the witness, Cruse, if he had knowledge of the matters whereof he spoke, was very inartificially taken. All he attests in reference to the account of Kennamore with the railroad, both debit and credit, he derives from the books in his office, as he himself testifies. When asked if he, from his memory, and without reference

to his books, could give the state of account between the railroad company and Kennamore, its agent, he answered, that he could not. If he had shown that he himself had made the entries in the books, and had knowledge of their correctness when he made them, or had shown any thing equivalent to that, then he might have consulted the books, as aids to his memory, and could have testified to the correctness of the account.—1 Greenleaf's Ev. § 436; *Hudson v. The State*, 61 Ala. 334. He gives no such testimony, and says nothing tending to show he ever had any personal knowledge that the items composing the account were correct. If the account was made up of Kennamore's report as agent, or if it was based on his report, the witness fails to show it. The testimony does not tend, in the slightest degree, to show that the account appended to Cruse's deposition was made out by Kennamore, or his assistant, but, as we understand the evidence, it is nothing more than a copy of the book kept in the railroad company's office, without any legal proof that the book itself showed the correct state of the account. Nothing testified to by Cruise, or offered to be proved by him, touching the state of the account, was legal evidence.—*Godbold v. Blair*, 27 Ala. 592. As expressed, it appears all to have been derived from the books.

2. The testimony being hearsay, and substantially illegal, the court did not err in excluding it at any stage of the trial. There is nothing in the record to show that, upon a re-examination, Cruse could have given any legal testimony, tending to prove the correctness of the account; for it does not appear that he had any personal knowledge of the transaction. This, we understand to be the reason of the rule, which requires that motions to suppress testimony, for defects that can be remedied on a re-examination, must be made before the trial is entered upon.—*McCreary v. Turk*, 29 Ala. 244; *Grey v. Mobile Trade Co.*, 55 Ala. 387. The testimony, as we said, being substantially illegal, the court committed no reversible error in excluding it, no matter how moved for or granted.—1 Brick. Dig. 809, § 85; *Ib.* 810, § 93; *Ib.* 887, §§ 1189, 1190, 1197.

3. Much is said in the record about the original account, and a copy of it. We confess we do not perceive the pertinence or bearing of this. The account is not documentary evidence, to which the rules of primary and secondary evidence are adapted. The account, as shown, is in no sense a document, which the law pronounces the highest evidence of its contents, and which, when the foundation of a claim, must be produced, or its absence accounted for. Hence, we pass by, as immaterial, all that is said in the various rulings

on this question, as harmless in their effect, whether the rulings were abstractly right or not. They neither did nor could do the appellant any injury.

4. Neither is it necessary we should criticise the court's rulings, on the subject of rules or instructions given to depotagents, requiring monthly reports. Unless there was some evidence, which there is not, tending to show that Kennamore had made reports, and had therein charged himself, or that he had violated his duty in not making such reports, the proof that such instructions were given, or that it was the custom of the railroad company to so instruct its agents, could lead to no practical result whatever. The fundamental fault in the plaintiff's case, lies in the entire absence of facts, *testified to as facts*, proving, or tending to prove, that Kennamore had, as agent, received moneys which he had not accounted for. He may have been in default. The plaintiff did not prove it. Had the testimony, tending to prove instructions to agents to make monthly reports, been offered in legal form, accompanied by other proof, proposed to be made, that the account was made up from those reports, and in accordance with them, then the testimony might have been legal.—1 Brick. Dig. 809, §§ 83, 84. By itself, it did not tend to elucidate any question in issue.—*State v. Wisdom*, 8 Por. 511; *Governor v. Campbell*, 17 Ala. 566; *Magee v. Billingslea*, 3 Ala. 679; 1 Brick. Dig. 809, § 81; *Thompson v. Drake*, 32 Ala. 99.

5. The record brings to view one small item of alleged indebtedness from Kennamore, the depot-agent, to the railroad company. That item is the $17.50, sought to be proved by the witness Geo. W. Kennamore, and by his admissions. First, of his deposition: That had been taken by the defendants, pending the suit, on an affidavit made by Maples, that his testimony was material for the defense, and that a material part of the defense depended exclusively on the testimony of said witness.—Code of 1876, § 3069, subd. 5. See, also, section 3078, which declares that, " when the deposition of a witness is taken for any other cause than being a female, the deposition can not be used, if it appear at the trial that the cause for which it was taken does not exist; unless such witness is dead, insane, or resides more than one hundred miles from the place of trial." We consider that this statute reaches this case. The cause for which this deposition was allowed and taken, was the danger of the loss of this witness' testimony by his death, removal beyond the jurisdiction of the court, &c. He was alive, a resident of the county, and within less than one hundred miles of the court where the trial was had.—*Mobile Life Ins. Co. v. Walker*,

[Pickett, adm'r, v. Hobdy, adm'r.]

58 Ala. 290; *Henry v. Northern Bank of Alabama*, at the present term.   The court did not err in refusing to allow the deposition to be read.

6.  Conceding that Geo. W. Kennamore was, or had been, the agent of his brother, the depot-agent, the admission sought to be proved, as having been made by him, is not brought within any rule that allows it to be proved as evidence against his principal, or the sureties of his principal. The admission was not made at. the time of doing an act in execution of his authority as agent, and was not explanatory of. any contemporaneous act, made while in the execution of his agency, and thus constituting a part of the act. 1 Brick. Dig. 63, §§ 159, 160, 162, 164; *Rhodes v. Lowry*, 54 Ala. 4; *Baldwin v. Ashby*, *Ib.* 83.   The admission sought to be proved in this case, is not even shown to have been made during the lifetime of the principal, and there is an entire absence of fact and circumstance, tending to show any act of agency was being done, which it could explain, or shed any light on.

We find no error in the record prejudicial to appellant, and the judgment of the Circuit Court is affirmed.