J. P. ANDERSON v. ALEXANDER E. JOHNSON and Another.

November 10, 1898.

Nos. 11,401—(56).

| 74 | 171 |
| f82 | 163 |

Principal and Agent — Authority of Agent — Ratification of One Act Evidence of Authority to Do Similar Acts.

Rule applied that a single act of an assumed agent, and a recognition of his authority by his principal, may be sufficient to prove his authority to do other similar acts.

Contract — Agent Acting Beyond His Authority — Failure of Principal to Disavow Is Ratification.

Rule applied that, where an agent acts in excess of his authority in making a contract, it is the duty of his principal, on learning of it, promptly to disavow the act, and restore what he received under the contract, and by failing to do so he thereby ratifies the contract.

Rescission of Contract—Action for Price—Lack of Authority—Variance.

The contract provided for a rescission on certain conditions. The

plaintiff, having complied with those conditions, brought this action to recover what he gave. *Held*, it is not a fatal variance to permit a recovery on the ground that the agent had no authority to make the contract.

Action in the district court for Ramsey county for the rescission of a contract for the sale of land, and to recover $800, part of which sum plaintiff had paid under said contract, and for part of which he had become liable under the contract. The cause was tried before Bunn, J., and a jury, and a verdict was directed in favor of defendants. From an order denying plaintiff's motion for a new trial, he appealed. Reversed.

*Eckman & Stevenson* and *O'Brien & Vaughn*, for appellant.

An agent to sell has authority to agree to refund the purchase money. Deering v. Thom, 29 Minn. 120; Mason v. Taylor, 38 Minn. 32; Le Roy v. Beard, 8 How. 451.

*Horton & Denegre*, for respondents.

CANTY, J.

The plaintiff alleges in his complaint that in December, 1896, one Staberg was the owner of a certain 160 acres of land in Aitkin county, subject to the payment of $400 of the purchase price thereof, then owing to the Northern Pacific Railway Company, and that defendants were agents of Staberg, with authority to sell the land for him; that they entered into an agreement with plaintiff whereby, as agents of Staberg, they agreed to sell plaintiff the land, whereby he agreed to pay therefor in cash $400, and to pay also the $400 due the railway company as the same would fall due, and whereby defendants, on their own behalf, agreed that if plaintiff thereafter found the land unsatisfactory, after seeing the same, and would notify them of such dissatisfaction, they would sell and dispose of the same to some other person, within 60 days after such notice, at a higher price, and, in case no such sale was made, would refund to him whatever sums plaintiff had so paid, with 3 per cent. interest, and place him in the same position as if he had never bought the land; that he then paid them the $400 in cash; that, as soon as the snow disappeared from the ground the next spring,

he examined the land, found the same to be swamp land, totally unfit for farming purposes, was dissatisfied with it, so notified defendants, and directed them to resell the land pursuant to their agreement, which they failed to do within 60 days thereafter; thereupon he tendered them a quitclaim deed of the land, but they failed and refused to refund to him the $400 so paid by him to them. The answer admits that defendants were then partners, but denies all other allegations in the complaint. On the trial the court ordered a verdict for defendants, and from an order denying a new trial plaintiff appeals.

It appeared by the evidence that one August Anderson was the agent of defendants at Duluth, and Staberg was a clerk in their office. They were real-estate agents, and, as agents of the railway company, had at a prior time sold the land in question to one Gruber. He paid $80 in cash, and agreed to pay $400 more to the railway company in annual instalments. As a part of the same transaction, defendants agreed that, if Gruber was not satisfied with the land on seeing it, they would resell it for him in three months thereafter at a higher price, or refund him the $80 so paid by him. On seeing the land, he was dissatisfied with it, demanded that defendants so resell it, which they failed to do, and thereupon he demanded the return of said $80, which they then paid him, and took from him a written assignment of the contract of sale from the railway company to him, in which assignment the name of the assignee was left blank. Thereafter, when plaintiff made the contract with said August as agent of defendants, Staberg's name was inserted in the blank in the assignment, and he made to plaintiff a quitclaim deed of the land. At the same time Staberg wrote out an agreement between plaintiff and defendants, the terms of which are stated in the complaint as aforesaid. Staberg, by the direction of August, and in his presence, signed the defendants' firm name, "A. E. Johnson & Co.," to this agreement, and delivered it to plaintiff. On the trial, plaintiff offered this agreement in evidence, as Exhibit F, and the court rejected it.

In our opinion, this is error. True, plaintiff had prior to this called one of the defendants for cross-examination, and he testified that August had no authority as their agent to make any con-

tract by which they were bound to return the purchase price of any land sold by them; and the claim is made that August had no authority to make such an agreement for defendants. He made a similar contract when the land was originally sold to Gruber, and defendants recognized the contract, refunded Gruber his money, and one of defendants gave Gruber a written contract of indemnity against his liability to the railway company on his agreement to pay the instalments of the purchase price.

"A single act of an assumed agent, and a single recognition of his authority by the principal, if sufficiently unequivocal, positive and comprehensive in their character, may be sufficient to prove agency to do other similar acts." Wilcox v. Chicago, M. & St. P. Ry. Co., 24 Minn. 269.

But there is evidence in the case tending to prove that one of the defendants admitted that August had made several such deals.

Again, conceding, for the purpose of the argument, that August had no such authority, if the defendants received plaintiff's money it is still their duty to refund it. On learning that their agent had exceeded his authority, it was their duty to act promptly in offering to rescind and restore to plaintiff what they received from him. If they failed to do so, they thereby ratified the unauthorized acts of their agent.

But, even if they had never ratified those acts, they would still be liable; and it would not be a fatal variance in this case to allow a recovery on the ground that the agent had no authority, and therefore no contract was made. The action is brought on the theory of a rescission under the contract. A recovery on the theory of a rescission because there was no contract would not be such a variance, at least, since the fact of want of authority in the agent is peculiarly within the knowledge of the defendants.

The court also erred in refusing to permit plaintiff to prove that he paid defendants the $400, that he subsequently gave notice that he was dissatisfied with the land, and that he subsequently tendered to defendants a conveyance of the land to them.

There is nothing in the claim that Exhibit F is secondary evidence. Staberg testified that he copied it from another writing, but

what that writing was does not appear. In any event, Exhibit F is an original executed and delivered at the time of the transaction, and, if another like it was also executed, then the two were duplicate originals.

Order reversed, and a new trial granted.