(26 Misc. Rep. 18.)

### HOBKIRK v. GREEN.

(Supreme Court, Appellate Term.   January 23, 1899.)

1. SALES—JOINT BUYERS—LIABILITY FOR PRICE.

A dispute between the owners of adjoining houses as to their title to an engine and fittings, erected for the purpose of pumping water into both houses, cannot defeat the right of the seller of the apparatus to recover from one of the owners the share he had agreed to pay therefor.

2. PRINCIPAL AND AGENT—RATIFICATION.

After being fully apprised of all the acts of an alleged agent in accepting plaintiff's proposition to furnish an engine and fittings for pumping water into his house, defendant permitted the attachments connecting his premises to remain, and continued to derive the benefits resulting therefrom, until he sold his premises, together with his interest in said engine and fittings, the sum to be paid therefor being reserved in the hands of the purchaser. Held, that the acts of the agent were impliedly ratified.

Appeal from municipal court, borough of Manhattan, Second district.
Action by Charles J. Hobkirk against Samuel Green. From a judgment in plaintiff's favor, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Max Cohen, for appellant.

P. Q. Eckerson, for respondent.

GIEGERICH, J. This action was brought to recover one-half of the agreed price of one improved Ryder engine and fittings, which plaintiff placed in the premises No. 208 West Sixty-Seventh street, borough of Manhattan. The defendant was the owner of the adjoining house, known as 210, and it is claimed that one Millard F. Sparr, who accepted in writing plaintiff's proposal to furnish such engine, was his agent in the transaction. The apparatus was erected for the purpose of pumping water into both houses, the owners of which, according to plaintiff's contention, were to bear equally the expenses attending its erection. The proprietor of the adjoining house has paid his share, but the defendant has refused to pay his. The latter, while insisting that Sparr. was not authorized to order the pump, nevertheless expressed his willingness, while on the stand, to pay such share, provided the owner of the adjoining property would sign an agreement acknowledging his right to joint ownership therein. Certainly, the defendant cannot impose such a condition to the payment of a claim, if it be a just one. The dispute between the owners of the lands in question relative to their title to the pump has obviously no bearing whatever upon the questions involved in the present controversy. Recurring, therefore, to the authority of Sparr to act for the defendant in the premises, I think the proofs relating thereto were sufficient to fairly justify the inference that such agency had been established, and that, after the defendant had been informed of the completion of the work, he promised to pay plaintiff his proportionate share of the expenses. Apart from this, it appears from the undisputed evidence that the defendant, after being fully apprised of all the acts of Sparr in the matter, permitted the attachments connecting his premises with said engine to remain, and continued to derive the benefits and advantages resulting therefrom, until the sale by him of said premises, together with his right and interest in said engine and fittings, the sum to be paid therefor having been reserved in the hands of the purchaser. Under these circumstances, the defendant, by accepting such benefit, impliedly ratified the alleged unauthorized acts of Sparr. Hyatt v. Clark, 118 N. Y. 563, 23 N. E. 891; Bliven v. Lydecker, 130 N. Y. 102, 28 N. E. 625; 1 Am. & Eng. Enc. Law (2d Ed.) 1196. The exceptions to the admission and exclusion of evidence were, to my mind, without merit.. For these reasons, the judgment should be affirmed, with costs. All concur.