## WHITCOMB v. OLLER *et al.*

No. 3217.   Opinion Filed December 23, 1913.

(137 Pac. 709.)

1. **EVIDENCE—Best and Secondary—Entries in Books of Account.**
It is competent for one who has personal knowledge of a transaction to testify thereto, although books of account covering the transaction are kept by the creditor.

2. **PRINCIPAL AND AGENT — Proof of Agency — Competency.**
Agency and the extent of authority may be proved by the testimony, though not by the declarations of the agent.

3. **JUSTICES OF THE PEACE — Pleadings — Sufficiency — Appeal.**
The same degree of particularity in pleadings is not required in actions before a justice of the peace that is required in courts of record, and a pleading that is sufficient in a justice's court is sufficient in the appellate court, where the cause is tried de novo upon appeal.

4. **PRINCIPAL AND AGENT—Acts of Agent—Liability of Principal.** One who, with knowledge of a given transaction, accepts the benefits flowing therefrom, done by one assuming, though without authority, to be his agent, ratifies the act, and is liable therefor to the same extent as if authority to act had been previously given.

5. **APPEAL AND ERROR—Harmless Error—Instructions.** Where it appears from the evidence that a verdict is so clearly right that, had it been different, the courts should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions.

(Syllabus by Sharp, C.)

*Error from County Court, Pittsburg County;*
*B. P. Hammond, Judge.*

Action by Jacob Oller and F. C. Oller, doing business under the firm name and style of the Oller Heating Company, against James A. Whitcomb. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Fuller & Porter,* for plaintiff in error.

*Harry T. Kyle,* for defendants in error.

Opinion by SHARP, C. This case originated in a justice of the peace court, where the plaintiffs, Jacob Oller and F. C. Oller, doing business under the firm name and style of the Oller Heating Company, obtained judgment against the defendant, James A. Whitcomb, in the sum of $51.55. On appeal to the county court, plaintiffs again had judgment. The facts out of which the controversy arose are that defendant, in July, 1906, and subsequent thereto, was the owner of a large residence building in McAlester, which he permitted an employee named Leoffler to occupy and use free of rent. In December, 1909, the furnace in said residence fell to pieces, and Leoffler, acting, as he claims, for Whitcomb, ordered repairs thereon to be made by the plaintiffs, and insructed them to send the bill to Whitcomb. The bill was first sent to Leoffler and afterwards to Whitcomb. The latter paid no attention to repeated notices sent him at intervals of from two to six weeks apart. The evidence of the plaintiffs consisted of the testimony of F. C. Oller as to the doing of the work, its necessity in the house, and the nonpayment therefor by defendant, and that of Leoffler, by deposition, concerning the giving of the order for the repairs, and his agency and authority in acting for defendant in causing the repairs to be made. To his deposition was attached a letter to him from defendant, the first part of which reads:

"Dear Sir: Authority is unnecessary to take care of my property in South McAlester. I gave you that when I left you there, and had expected that you would move into that house before this time."

This letter was written to Leoffler over three years prior to the transaction involved in the present case, and had reference to other repairs made to the house at that time. Leoffler, in his deposition, testified that Whitcomb was to pay for all necessary repairs, without regard to when contracted.

In the first assignment of error, it is urged that the account upon which plaintiffs' action was founded was not properly proved, and that section 5114, Rev. Laws 1910, controls in making proof of entries in books of account. F. C. Oller, a member of the plaintiff firm, testified that the charges contained in the

bill of particulars were correct, and that he did the work. The books of account were not offered in evidence, but instead, the witness testified as to his personal knowledge of the transaction. This evidence was eminently proper and of the highest character. The statute only affords a means by which proof may be made, and does not attempt to furnish the sole manner of making such proof. *Moore v. Joyce*, 23 Miss. 584; *Godbold v. Blair*, 27 Ala. 592; *Crosland Co. v. Pearson*, 86·S. C. 313, 68 S. E. 625.

It is next urged that the agency of Leoffler was not sufficiently proved, and that, as the evidence of his agency was improper, the defendant's demurrer to the evidence should have been sustained. In support of this contention, counsel cite *Chickasha Cotton Oil Co. v. Lamb & Tyner*, 28 Okla. 275, 114 Pac. 333, wherein the court said:

"Admissions of an agent, in order to be admissible against the principal, must be made as agent, and while he is acting for the principal within his authority; it must first be shown by competent evidence that such admissions were made in and as a part of the agent's performance of his duties and within the scope of his authority."

The mere reading of this excerpt of the opinion discloses its inapplicability here, for, in the present case, it was not sought to introduce the admissions or declarations of the agent as to the fact of the agency. The agent himself was the witness testifying, and it was competent for him to give testimony whether the relation existed or not, and its extent, if it, in fact, did exist. *Aultman v. Knoll*, 71 Kan. 109, 79 Pac. 1074; 1 Clark & Skyles on the Law of Agency, sec. 66; Mechem on Agency, sec. 102, 31 Cyc. 1651.

There was no such variance between the pleadings and proof as to demand a reversal. All of the statements in the bill of particulars were sustained by the evidence of Oller and Leoffler. As acknowledged by plaintiff in error, the same degree of particularity in pleading is not required in actions before a justice of the peace that is required in courts of record, and a pleading that is sufficient in a justice's court is sufficient in an appellate court, where the cause is tried *de novo*. *Garvin v. Harrell*, 27 Okla. 373, 113 Pac. 186, 35 L. R. A. (N. S.) 862, Ann. Cas. 1912B,

744; *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246, 38 L. R. A. (N. S.) 239; *White v. Oliver,* 32 Okla. 479, 122 Pac. 156; *Rice et al. v. Folsom,* 32 Okla. 490, 122 Pac. 236.

The question of agency, involving, as it does, the authority of Leoffler to order repairs to be made, was one to be gathered from all the facts and circumstances in evidence, and a question of fact for the jury. There being competent evidence of agency, namely, Leoffler's testimony that Whitcomb was to pay for all repairs, and the letter from Whitcomb to Leoffler, stating that Leoffler had such authority, there was evidence sufficient to support the jury's verdict.

In addition to the evidence of agency and proof of authority to the agent, the rule may properly be invoked that when a principal, after knowledge that an agent, without authority, has purchased for him certain property, retains possession, and uses the same for a considerable period of time, and obtains the benefit thereof, such acts constitute a ratification of the unauthorized acts of the agent, and renders the principal liable for the payment of the purchase money. *United States Fidelity & Guaranty Co. v. Shirk,* 20 Okla. 576, 95 Pac. 218; *Fant v. Campbell,* 8 Okla. 586, 58 Pac. 741; *Newhall v. Joseph Levy Bag Co.,* 19 Cal. App. 9, 124 Pac. 875; *Haney School Furniture Co. v. Hightower Baptist Institute,* 113 Ga. 289, 38 S. E. 761; *Henry Voght Mach. Co. v. Lingenfelser,* 23 Ky. Law Rep. 38, 62 S. W. 499; *Anderson v. Johnson,* 74 Minn. 171, 77 N. W. 26; *Hobkirk v. Green,* 26 Misc. Rep. 18, 55 N. Y. Supp. 605; *Bodine v. Berg,* 82 N. J. 662, 82 Atl. 901, 40 L. R. A. (N. S.) 65, Ann. Cas. 1913D, 721; *Russell v. Waterloo Threshing Mach. Co.,* 17 N. D. 248, 116 N. W. 611; *Anderson Coal Mining Co. v. Sloan, Howell & Co.,* 46 Pa. Super. Ct. 320; *D. Sullivan & Co. v. Ramsey* (Tex. Civ. App.) 155 S. W. 580; *Union Bank & Trust Co. v. Long Pole Lbr. Co.,* 70 W. Va. 558, 74 S. E. 674, 41 L. R. A. (N. S.) 663; *Twentieth Century Co. v. Quilling,* 136 Wis. 481, 117 N. W. 1007; 1 Clark & Skyles on the Law of Agency, p. 325; Mechem on Agency, secs. 148, 150. As already seen, statements of this account were not only sent to Leoffler, defendant's agent, but afterwards to defendant, and at no time did the latter repudiate the act of Leoffler

in ordering the repairs to be made, but, on the other hand, by his passive conduct availed himself of the plaintiffs' material and labor in installing the repairs, which, if the furnace was to be longer used, were a necessity.

The objections to the instructions, in view of our conclusions, are not of sufficient magnitude to work a reversal of the case. While it is doubtful if plaintiffs' right to recover is in any way affected by the provisions of sections 3813, 3814, Rev. Laws 1910, yet, there being sufficient proof of Leoffler's agency, apart from the fact of defendant's ratification, to sustain the verdict, the jury obviously reached a proper conclusion, for it is not every error that works a reversal of a judgment. Considering the case from the standpoint that defendant by his continued silence acquiesced in his agent's act, no other verdict could properly have been returned.

Where it appears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the court's instructions. *Shawnee Nat. Bank v. Wooten & Potts,* 24 Okla. 425, 103 Pac. 714; *Mitchell v. Altus State Bank,* 32 Okla. 628, 122 Pac. 666; *Horton v. Early,* 39 Okla. 99, 134 Pac. 436.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.