## WHERRY et al. v. LUCKEY.

No. 13531—Opinion Filed April 8, 1924.

Rehearing Denied June 3, 1924.

**1. Principal and Agent—Ratification of Unauthorized Acts—Effects.**

A principal may either ratify unauthorized acts or contracts made on his behalf by a mere stranger or volunteer who has never been his agent but who has assumed to act as such in the particular transaction, or he may ratify the act of one who is his agent for certain purposes, but who in the particular transaction acted outside the scope of his authority or after the termination of his agency, whereupon the relation of principal and agent is created in respect to matters concerning which none before existed, and the act or contract thereby becomes as effectual as to the principal as though it had been previously authorized. (2 Corpus Juris, 470).

**2. Trial—Instructions—Erroneous Refusal of Requests.**

Where the trial court has not fully stated the law applicable to the issues arising upon the pleadings and evidence in its charge to the jury, it is prejudicial error to refuse requested instructions which do correctly state the law applicable to such issue.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Action by Harry B. Wherry and others against Louis Luckey. Judgment from defendant. Plaintiffs appeal. Reversed and remanded.

S. L. O'Bannon, for plaintiffs in error.

Caruthers & Irwin, for defendant in error.

Opinion by JONES, C. This suit was instituted by plaintiffs in error, plaintiffs below, against the defendant in error, defendant below, in the district court of Okmulgee county, Okla., on September 2, 1921, to recover $346 with interest and attorney's fee, alleged to be the balance due on a certain bill of plumbing, furnished by plaintiffs and placed in a residence belonging to defendant.

From the facts as disclosed by the record it appears that Floyd Luckey was the son of Louis Luckey, defendant herein, and that

Louis Luckey was the owner of a tract of land near the city of Okmulgee, and that his son, Floyd, entered into a contract with certain parties to erect a building on said tract of land, and same seems to have been done with the knowledge and consent of the father, Louis Luckey, and that Floyd also made the agreement with plaintiffs herein to furnish and install certain plumbing fixtures, consisting of bath, toilet, wash basin, kitchen sink, etc., all of which plaintiffs duly installed in said residence. Plaintiffs filed a materialman's lien claim as provided by law to secure the payment of same. Floyd Luckey made payments on the bill amounting to $300 during his lifetime, having died the year following the completion of the work.

It is the contention of plaintiffs that the son, Floyd Luckey, negotiated the purchase of the fixtures, and was in charge of the entire transaction as the agent of his father, Louis Luckey, and that the father, Louis Luckey, was consulted and gave his assent to the same, and that he received and accepted the benefits of same. This is denied by Louis Luckey. The matter was tried to a jury on the 28th day of February, 1922, and resulted in a verdict in favor of the defendant and against the plaintiffs, also finding for the defendant for attorney's fee in the sum of $75. Motion for a new trial was filed and overruled, from which order and judgment plaintiffs appeal, and ask for a reversal of the judgment: First, for the reason that the count erred in refusing to give the following requested instructions, on the part of plaintiffs:

"Gentlemen of the jury, you are instructed if you believe from all the evidence in this case that Floyd Luckey assumed to be the agent of the defendant, Louis Luckey, and as such made a contract with the plaintiff in this action to do the work and furnish the material for which suit is brought herein and that said defendant has voluntarily accepted the benefits of such material furnished and work done by the plaintiffs, then you are further instructed that even though Floyd Luckey was unauthorized by the defendant to make such transaction with the plaintiff the defendant has ratified the acts of the said Floyd Luckey and takes the contract as his own with all its burdens as well as its benefits and the defendant in that event would be liable to the plaintiff in such sum as you may find the plaintiff entitled to from all the evidence, not exceeding $346.27, together with interest thereon at the rate of 6 per cent. per annum from and after February 17, 1921."

We are inclined to the opinion that this instruction makes a correct application of the law to the facts in this case and that the refusal to give same was reversible error. The court gave a general instruction on agency which was objected to by plaintiffs; the instruction given is a correct statement of the law of agency, but under the facts in this case plaintiffs were clearly entitled to have the question of ratification submitted to the jury as set forth in the above instruction. Defendant in error contends that it was not error to refuse the instruction "because it omitted the element of knowledge of facts".

This might have been very properly included in the instruction, but we think it immaterial in this case for the reason there is no issue raised as to the question of knowledge; the evidence is conclusive that he knew of the transaction, in fact he makes no denial of his knowledge, and, second, it was rightfully refused, "because it ignored the inherent rights of an owner of realty."

This objection might be well taken in some jurisdictions, and under a different state of facts, but we think in view of the statutes creating mechanics' and materialmen's liens it is not well taken here. Our statute provides (section 7461, Comp. Stat. 1921) that:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration, or repair of any building, improvement, or structure thereon; or who shall furnish material or perform labor in putting up any fixtures, machinery in, or attachment to, any such building, structure or improvements; or who shall plant any trees, vines, plants or hedge in or upon such land; or who shall build, alter, repair or furnish labor or material for building, altering, or repairing any fence or footwalk in or upon said land, or any sidewalk in any street abutting such land, shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances. If the title to the land is not in the person with whom such contract was made, but is leased and unimproved, the lien shall be allowed on the buildings and improvements on such land separately from the real estate. Provided however, that where the person, making such improvements or causing same to be made, holds a contract for title to real estate with the person in whom record title to said real estate rests, no lien shall attach to either the land or the improvements without the written consent of the person in whom said record title is vested, and no court shall hereafter have jurisdiction to hear and determine any suit to foreclose such a lien unless such assent or

a certified copy of the same is attached to petition to foreclose. Such liens shall be preferred to all other liens or incumbrances which may attach to or upon such land, buildings or improvements or either of them, subsequent to the commencement of such building, the furnishing or putting up of such fixtures or machinery, the planting of such trees, vines, plants or hedges, the building of such fence, footwalk or sidewalks, or the making of any such repairs or improvements; and such lien shall follow said property and each and every part thereof, and wherever the same may be found, and compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and encumbrancers of said property or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

From a reading of the statutes it will be seen that the lien is not wholly dependent or ownership of the realty by the party contracting. Aside from this statutory provision the general doctrine of ratification applies that where one accepts the benefits of a contract he incures the burdens and obligations accompanying same, is shown by the following authorities:

Section 920, Rev. Laws 1910, (5013 Comp. Stat. 1921), is as follows:

"A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it so far as the facts are known, or ought to be known, to the person accepting."

The following rules are laid down in 2 Corpus Juris:

"Ratification by a principal of an unauthorized act of his agent, being equivalent to prior authority, a third party, relying on proof of ratification to maintain his cause of action against the principal, need not, as a general rule, allege it specially in order to take advantage of it. * * * (2 Corpus Juris, 906.)

"A principal may either ratify unauthorized acts or contracts made on his behalf by a mere stranger or volunteer who has never been his agent but who has assumed to act as such in the particular transaction, or he may ratify the act of one who is his agent for certain purposes, but who in the particular transaction acted outside the scope of his authority or after the termination of his agency, whereupon the relation of principal and agent is created in respect to matters concerning which none before existed, and the act or contract thereby becomes as effectual as to the principal as though it had been previously authorized." (2 Corpus Juris, 470.)

The above principles of law have been held

to be the law in this state as early as 1899. In the case of Fant v. Campbell et al., 8 Okla. 586, 58 Pac. 741, the court says in the syllabus:

"The act of one who assumes to act for another, though without authority, may be ratified by the one for whom he assumes to act voluntarily accepting the proceeds or profits of such unauthorized act; and an instruction which tells the jury that, to amount to a ratification, the defendant must have expressly agreed by and with the plaintiff, or his duly and legally authorized agent, that such act of the agent was ratified and approved, does not correctly state the law, and is error."

In the case of United States Fidelity & Guaranty Company v. Shirk et al., 20 Okla. 576, 95 Pac. 218, a part of the syllabus is as follows:

"One who voluntarily accepts the proceeds of an act done by one assuming though without authority, to be his agent ratifies the act, and takes it as his own, with all its burdens, as well as all its benefits."

In the case of Chicago, R. I. & P. Ry. Co. v. Newburn, 39 Okla. 704, 136 Pac. 174, a part of the syllabus is as follows:

"One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent ratifies the act, and takes it as his own with all its burdens, as well as all its benefits."

In the case of J. I. Case Threshing Machine Co. v. Lyons & Co., 40 Okla. 356, 138 Pac. 167, the court says:

"One who voluntarily accepts the profits of an act done by one assuming, although without authority, to be hi sagent ratifies his act, and takes it as his own, with all its burdens, as well as its benefits."

In the case of Whitcomb v. Oller et al., 41 Okla. 331, 137 Pac. 709, a part of the syllabus is as follows :

"One who, with knowledge of a given transaction, accepts the benefits flowing therefrom, done by one assuming, though without authority, to be his agent ratifies the act, and is liable therefor to the same extent as if authority to act had been previously given."

It was the duty of the court to submit to the jury by proper instructions the theory of the plaintiffs that defendant voluntarily accepted the benefits arising from the transaction and which was an issue in this case as shown by the pleadings and the evidence and the court committed reversible error in refusing to give the instruction requested by plaintiffs.

In the case of Ingraham v. Byers, 50 Okla.

463, 150 Pac. 905, the court says in the syllabus:

"Where the trial court has not fully stated the law applicable to the issues arising upon the pleadings and evidence in its charge to the jury, it is prejudicial error to refuse requested instructions which do correctly state the law applicable to such issue."

It is evident that defendant at least had knowledge of all that was done, that he accepted and is receiving the full benefits of the transaction. He stated that he was in charge of the place, renting it out and receiving the rents for his own use and benefit.

The case of Whitcomb v. Oller et al., supra, is similar to this case, in that case the tenant who was occupying the house without charge, secured the services of a workmen to repair the furnace and furnish the necessary material; without consulting the owner of the property, the court found that it was a necessary repair and that the owner was liable, having received and accepted the benefits of the transaction. There are some cases apparently in conflict with the rule as above announced, but from an examination, we find that it is in states which have a different statute from ours, or where the facts are different. In the case of Huff et al. v. Jolly et al., 21 Pac. 846, the Supreme Court of Kansas held that where the party contracting for the material and labor had no interest or estate in the land upon which the building was erected, that no lien could attach, but from an examination of that case it will be seen that the party who erected the building upon the lot was a trespasser, and was advised by the agent of the owner, at the time he started the construction, that he should get a contract with the owner, and is not applicable to the facts in this case. Appellant raises other questions in his brief, but we think the question of ratification is decisive of this case, so far as the right of appellant to a reversal of the judgment is concerned. and we therefore recommend that the cause be reversed and remanded for a new trial.

By the Court: It is so ordered.