**CROOKUM v. KETCHUM.**

No. 25587. Sept. 25, 1935.

Rehearing Denied Nov. 5, 1935.

S. A. Horton, for plaintiff in error.

W. R. Withington, for defendant in error.

PER CURIAM. The plaintiff in error was defendant below, and the defendant in error was plaintiff below, and will be referred to herein as they appeared in the lower court.

This is an action by H. E. Ketchum against Matilda Crookum and S. D. Crookum, her husband, to recover for certain materials sold under an oral contract with S. D. Crookum and used in the erection of certain improvements upon the homestead of the defendants, Matilda Crookum and S. D. Crookum, and to establish a lien thereon.

Matilda Crookum filed a separate answer, in which she denies that she ever contracted for the purchase of the material alleged to have been sold, either in person or by an agent, and denies that she promised to pay for same, and further affirmatively alleges that her father, Herman F. Matzke, deeded

the land to her, and that the deed contained the following clause:

"Provided, the land described herein shall not be sold, or in any way encumbered for the period of 15 years from this date, and in case any attempt to sell or in any way encumber, or suffer the same to be done, the title shall revert to the grantor or his heirs or assigns."

The testimony on the part of plaintiff was that plaintiff was in the lumber business, and on the 10th day of September, 1930, sold S. D. Crookum a bill of creosoted posts; that same was delivered on defendants' farm and receipted for by S. D. Crookum, and his wife, Matilda Crookum, was present at the time. That about 30 days thereafter H. A. Brewer, at the home of the defendants, delivered to Matilda Crookum a bill for same; that she told him that they "didn't have the money right then, but would have in a few days for us." At the time he went out for the collection of the bill, the place was partially fenced with creosoted posts, such as plaintiff had sold them, and one could not go into the place without seeing the posts. That a lien claim was filed within the time prescribed by law, and that $50 was a reasonable attorney's fee in the foreclosure of this lien.

Matilda Crookum testified that this was her homestead, deeded to her from her father, and in the deed was a provision that this land should not be sold or in any way encumbered within 15 years from the date; that she knew nothing about these posts, had never seen the posts sued for, and that the posts around her farm were placed there by her tenant, F. A. Brown. She denied being present when the posts were delivered, or that the bill for same was ever presented to her, or that she ever saw or had any conversation with H. A. Brewer, plaintiff's witness, who claimed that he presented her with the bill, or that she told him that they had no money then but would have some for him in a few days.

The defendant S. D. Crookum testified that the posts he bought and that were delivered to him were used on the clubhouse and around the brooder farm on Lake Overholser.

This court has frequently held that where there is any competent testimony supporting the decision of the trial judge, this court will not review the testimony or reverse the decision.

The material in this case having been purchased by the defendant S. D. Crookum, and used on the homestead which was owned by his wife, Matilda Crookum, did not create a lien upon said premises unless she had authorized him to purchase the posts, but under the law in this jurisdiction the owner of the homestead could ratify the act of her husband in buying said material, even though he was not her agent.

In Wherry et al. v. Luckey, 99 Okla. 239, 226 P. 588, this court held:

"A principal may either ratify unauthorized acts or contracts made on his behalf by a mere stranger or volunteer who has never been his agent, but who has assumed to act as such in the particular transaction, or he may ratify the act of one who is his agent for certain purposes, but who in the particular transaction acted outside the scope of his authority or after the termination of his agency, whereupon the relation of principal and agent is created in respect to matters concerning which none before existed, and the act or contract thereby becomes as effectual as to the principal as though it had been previously authorized."

See 2 Corpus Juris 470. And the same principle was held by this court in 1913, in the case of Whitcomb v. Oller et al., 41 Okla. 331, 137 P. 709, which states in the 4th syllabus paragraph:

"One who, with knowledge of a given transaction, accepts the benefits flowing therefrom, done by one assuming, though without authority, to be his agent, ratifies the act, and is liable therefor to the same extent, as if authority to act had been previously given."

And in the body of the opinion, this court held:

"In addition to the evidence of agency and proof of authority to the agent, the rule may properly be invoked that when a principal, after knowledge that an agent, without authority, has purchased for him certain property, retains possession, and uses the same for a considerable period of time, and obtains the benefit thereof, such acts constitute a ratification of the unauthorized act of the agent, and renders the principal liable for the payment of the purchase money." United States Fidelity & Guaranty Co. v. Shirk, 20 Okla. 576, 95 P. 218; Fant v. Campbell, 8 Okla. 586, 58 P. 741; Newhall v. Joseph Levy Bag Co., 19 Cal. App. 9, 124 P. 875; Haney School Furniture Co. v. Hightower Baptist Institute, 113 Ga. 289, 38 S. E. 761; Henry Bogt Mach. Co. v. Lingenfelser, 62 S. W. 499, 23 Ky. Law Rep. 38; Anderson v. Johnson, 74 Minn. 171, 77 N. W. 26; Hobkirk v. Green, 26 Misc. Rep. 18, 55 N. Y. Supp. 605; Bodine v. Berg, 82 N. J. 662, 82 Atl. 901,

470

40 L. R. A. (N. S.) 65, Ann. Cas. 1913D, 721; Russell v. Waterloo Threshing Mach. Co., 17 N. D. 248, 116 N. W. 611; Andersen Coal Mining Co. v. Sloan, Howell & Co., 46 Pa. Super. Ct. 320; D. Sullivan & Co. v. Ramsey (Tex. Civ. App.) 155 S. W. 580; Union Bank & Trust Co. v. Long Pole Lbr. Co., 70 W. Va. 558, 74 S. E. 674, 41 L. R. A. (N. S.) 663; Twentieth Century Co. v. Quilling, 136 Wis. 481, 117 N. W. 1007; I Clark & Skyles on the Law of Agency, p. 325; Mechem on Agency, 148, 150.

And in the case of Wherry et al. v. Luckey, 99 Okla. 239, 226 P. 588, which was an action to recover judgment for certain materials furnished Louis Luckey through the alleged agency of his son, Floyd Luckey, and to establish a lien on the property for the material furnished, the case was tried to a jury and the defendant below had judgment. Plaintiffs requested the following instruction:

"Gentlemen of the jury, you are instructed if you believe from all the evidence in this case that Floyd Luckey assumed to be the agent of the defendant, Louis Luckey, and as such made a contract with the plaintiff in this action to do the work and furnish the material for which suit is brought herein and that said defendant has voluntarily accepted the benefits of such material furnished and work done by the plaintiff, then you are further instructed that even though Floyd Luckey was unauthorized by the defendant to make such transaction with the plaintiff the defendant has ratified the acts of the said Floyd Luckey and takes the contract as his own with all its burdens as well as its benefits and the defendant in that event would be liable to the plaintiff in such sum as you may find the plaintiff entitled to from all the evidence, not exceeding $346.27 together with interest thereon at the rate of 6 per cent. per annum from and after February 17, 1921,"

—which was refused by the trial court. The Supreme Court held it was an error to refuse this instruction and reversed and remanded the case.

The deed to Matilda Crookum from her father, Herman F. Matzke, was a warranty deed absolute in form, with the following proviso:

"Provided the land described herein shall not be sold or in any way encumbered for a period of 15 years from the date of this deed, and in case any attempt to sell or in any way encumber or to suffer the same to be done the title shall revert to the grantor or his heirs and assigns."

In Stone v. Easter, 93 Okla. 68, 219 P. 653, this court held:

"A warranty deed in statutory form by apt language conveys an absolute fee, and this estate is incompatible with a lesser power over it than that of complete possession, enjoyment, and right of disposition. Such an intention being manifest from the language of a warranty deed, any clause inserted therein in restraint of alienation is subordinate to this intention of the grantor as manifested by the language of the conveyance, and, being subordinate and wholly inconsistent therewith, is inoperative."

We are of opinion that the finding and judgment of the trial court are supported by the evidence, and that the court did not commit error in finding for the plaintiff.

The judgment is hereby in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys I. M. King, J. F. McKeel, and C. F. Green in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. King and approved by Mr. McKeel and Mr. Green, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ. concur.