GEORGE ROGERS, Respondent, *v.* JOHN H. MURRAY et al.,
Appellants.

In an action to charge defendants as copartners, the partnership may be
established as well by circumstances, declarations and conduct, as by
direct proof.

In such an action plaintiff claimed that defendants were copartners, carry-
ing on the business of private bankers. Two of the defendants denied
any interest on their part in the business. Plaintiff did not prove any
agreement of copartnership, but sought to establish it by proof of acts
and declarations on the part of said defendants. He was permitted
to prove, under objection and exception, that at the time he made
deposits the persons in charge of the bank represented that said defend-
ants were partners in the business. The referee ruled that the evidence
was admissible only for the purpose of tending to show that plaintiff
relied upon the representations in making deposits. *Held*, no error;
that the evidence was admitted and was admissible as bearing upon the
question of equitable estoppel; and, although a recovery could not be had
on that ground until supplemented by proof that said defendants
authorized or acquiesced in the making of the declarations, even if the
additional evidence was not given, this did not make the admission of
evidence relevant to the issue of estoppel illegal, although incomplete.

(Argued June 27, 1888; decided October 2, 1888.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an
order made November 20, 1885, which affirmed a judgment
in favor of plaintiff entered upon the report of a referee.

The plaintiff's complaint alleged that defendants were
copartners carrying on the business of private bankers under
the name of the Waverly Bank, and he sought to recover the
amount of certain deposits made by him in said bank.
Defendants, Murray and Holbert, alone defended, denying the
allegations of the complaint as to their being copartners.
The referee found for the plaintiff on this issue. The court
here decide that " there was evidence given on the part of the
plaintiff of conduct and declarations of the defendants Murray
and Holbert, and of circumstances which authorized the finding
of the referee."

After examining the evidence on this point, the opinion
continues thus:

" On the disputed questions of fact the finding of the referee,

confirmed by the General Term, is conclusive in this court. A copartnership may be established as well by circumstances, declarations and conduct, as by direct proof. The probative force of the circumstances proved is a question for the triers of the fact, provided they legally tend to establish the issuable fact. We think there were no material errors in the admission of testimony. The declaration of the Herricks, made to the plaintiff at the time he made his deposits, were not competent to prove that the defendants, Murray and Holbert, were copartners in the business. They were not admitted for that purpose. The referee expressly ruled that they were admissible only as tending to show that the plaintiff relied upon the representations of the Herricks, that the defendants Murray and Holbert were copartners.

"It was plainly admitted as bearing upon the point of equitable estoppel, and the fact proved was one of the essential elements to a recovery on that ground, but until supplemented by proof that the defendants authorized or acquiesced in the making of the representations, a recovery on that ground could not be supported. If the additional proof was not given the plaintiff would fail to establish the estoppel, but it would not make the admission of evidence upon that issue, which was relevant, though incomplete, illegal. (See *Thompson* v. *First Nat. Bk. of Toledo*, 111 U. S. 529–541.)

"The evidence that the plaintiff made inquiries subsequently as to the responsibility of the parties, and received from the Herricks answers which satisfied him, and that he continued the deposit upon the assurance that Murray and Holbert were members of the firm, was received under the same limitation as the evidence first mentioned, and its reception was justified for the same reasons. Assuming that there was a technical error in permitting the witness Bray to testify that he called attention to his conversion with the witness William Holbert immediately after it occurred, we are of opinion that it constitutes no sufficient ground for reversing the judgment. It was an incidental and collateral piece of evidence, of very little importance, and from which no injury, we are satisfied, was sustained by the appellants.

" The findings of the referee being supported by evidence, and no material error having been committed on the reception or rejection of evidence, the judgment should be affirmed."

*Frederick Collin* for appellants.

*Alexander Cumming* for respondent

ANDREWS, J., reads for affirmance
All concur.
Judgment affirmed.