JOSEPH EHRMANNTRAUT, JR., *vs.* SEVER ROBINSON *et al.*

Argued Jan. 11, 1893. Decided Jan. 20, 1893.

**Principal and Agent.**

A principal, although not having knowledge of all the material facts, may ratify an unauthorized act of an agent in his behalf by voluntarily assuming the risk without inquiry, and upon such knowledge as he possesses, without caring for more. Hence, where a principal, knowing that an unauthorized contract had been made by an agent in his behalf for the use and occupation of certain premises, enters into possession and enjoys their use without knowing or ascertaining what the terms of the lease were, he must be held to have deliberately intended to ratify the contract, whatever it may be.

**Statute of Frauds.**

Neither the acceptance by the lessee of a lease of real estate for a term of more than one year, nor the authority of any agent to accept it for him, need be in writing; and, as original authorization may be by parol, so may ratification.

Appeal by defendants Sever Robinson, Oluf Larson, A. S. Hervin and Torkild Wilson, from an order of the Municipal Court of the City of St. Paul, *Twohy,* J., made September 22, 1892, denying their motion for a new trial.

On May 14, 1886, the plaintiff, Joseph Ehrmanntraut, Jr., by an instrument in writing under seal, leased to Sever Robinson and Oluf

Larson, two of the defendants, as trustees of Nora Grove No. 23 of U. A. O. D., a hall in the third story of a building in St. Paul for five years. They therein agreed to pay as rent $25 monthly in advance. The other defendants were members of the society.' It was not incorporated. This action was brought to recover the rent for the last eight months of the term. A jury was waived. Findings were made and judgment ordered for plaintiff for $200 and interest and costs. Defendants moved for a new trial, and being denied, they appeal.

*G. J. Lomen,* for appellants. .

*John H. Ives,* for respondent.


MITCHELL, J. This action was brought on the covenants of a lease to recover rent for the last eight months of the term, viz. from September 1, 1890, to May 1, 1891. The evidence discloses the following facts: Nora Grove No. 23, U. A. O. D., of which the defendants were members, was an unincorporated association or society of individuals, formed for social and benevolent purposes, and not for gain or pecuniary profit. Among other officers, they had three trustees, of whom defendants Robinson and Larson were two. The scope and extent of the powers and duties of these trustees was to take charge of the property of the association. In May, 1886, Robinson and Larson, without authority, so far as appears, from their associates, procured from plaintiff the lease referred to, of the upper story of a certain building, for the term of five years, at an annual rent of $300, payable $25 monthly in advance. The lease runs to them as trustees of the association, and there is and can be no question but that in taking the lease these trustees assumed to act for and in behalf of the society. In July, 1886, the members of the association, including the defendants, entered into possession of the premises, and continued to hold their meetings there until some time in the fall of 1890, when the society disbanded. While the society occupied the premises, they paid rent therefor, $25 per month, up to September 1, 1890. The lease was never reported to or acted on by the society at any of its meetings, and it may also be assumed that neither Hervin nor Wilson ever knew what the terms of the lease were, and that

Hervin, perhaps, did not even know that there was any written lease. But there is abundant evidence to show that both of them knew that some agreement had been made in behalf of the association, with plaintiff, for the use of the premises, and that without inquiring, or in any way attempting to inform themselves, as to what the terms of that agreement were, they, in common with their associates, went into possession and continued to use and occupy the premises for the purposes of their society until they disbanded.

It seems to us that neither of the counsel has fully grasped the legal principles applicable to this state of facts.

Of course, a benevolent or social club or association of this kind is not a partnership, in any proper sense of that term. The members are liable, if liable at all, for the acts of their associates, on the ground of principal and agent, and not of partnership. Hence, it is undoubtedly true that only those members who authorized or sub-sequently ratified the act of these trustees in taking this lease would be bound by it. Bates, Partn. § 75; Lindl. Partn. 50; Story, Partn. § 144; *Flemyng* v. *Hector*, 2 Mees. & W. 172; *Ash* v. *Guie*, 97 Pa. St. 493.

But it is true that all the members who subsequently ratified the act are liable, and in our opinion the act of Hervin and Wilson amounted to a ratification.

It is sometimes said that, to constitute a ratification of an unauthorized act of an agent, the principal must have had knowledge of all the material facts. As to a past and completed transaction, this would be generally true, but there are many cases where the conduct of the principal may amount to a ratification, although he may not know all the facts as to the unauthorized act of the agent in his behalf. He may ratify by voluntarily assuming the risk without inquiry, or he may deliberately ratify upon such knowledge as he possesses, without caring for more. *Lewis* v. *Read*, 13 Mees. & W. 834; *Kelley* v. *Newburyport & A. H. R. Co.*, 141 Mass. 496, (6 N. E. Rep. 745.)

Where, as in the present case, the defendants Hervin and Wilson had notice that an unauthorized contract had been made in their behalf

for the use of these premises, it was their duty, before accepting its benefits, to ascertain what the terms of that contract were. By going into possession, and enjoying the use of the premises, without any attempt to ascertain the terms of the lease under which they entered, they must be held to have deliberately intended to take the risk of ratifying upon such knowledge as they had.

2. The statute of frauds, which defendants invoke, has no application to the case. Of course, to bind the plaintiff, the lessor, it was necessary that the lease should be in writing, and subscribed by him. But a lessee neither "creates, grants, nor declares" any estate or interest in lands. By accepting a lease, he is bound by all its covenants to be by him performed, and this acceptance need not be in writing. The authority of an agent to procure or accept it for him is not required to be in writing, and, as original authorization may be by parol, so may ratification.

Order affirmed.

(Opinion published 54 N. W. Rep. 188.)