(8 Misc. Rep. 502.)

### SCHULBERG et al. v. GUTTERMAN et al.

(City Court of New York, General Term.    May 18, 1894.)

PARTNERSHIP—EVIDENCE—DECLARATIONS AND ADMISSIONS.
> Declarations and admissions of alleged partners are admissible to prove the partnership.

Appeal from trial term.

Action by Frank Schulberg and Philip Robinsky against Jacob Gutterman and Joseph Youngerman. There was a judgment in favor of defendants, and plaintiffs appeal. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCAR-THY, JJ.

Abraham Levy, for appellants.
Jacob Barnett, for respondents.

McCARTHY, J. This was an action brought against the defendants for goods sold and delivered. The defendant Youngerman did not defend, but made default, and the defendant Gutterman appeared, and answered, in effect, a general denial. The defendant Youngerman was the son-in-law of Gutterman, and the question principally contested was that of the alleged partnership. One of the plaintiffs and another witness testified to statements made by Gutterman admitting the partnership, and his liability for the goods in question. This Gutterman denied, and said: "I have never at any time been in the collecting business with any one in my life. Mr. Youngerman was at no time a partner of mine in business;" and absolutely denied the statements testified to by plaintiff and his witness. On rebuttal, one Friedlander was called on behalf of plaintiffs, and among other questions asked was the following:

"Q. Did you have any dealings with Jacob Gutterman and Joseph Youngerman,—the firm of Gutterman & Younger? (Defendants' counsel objects. Objection sustained. Plaintiffs except.) Q. Did Mr. Jacob Gutterman at any time buy, or tell you that it was all right for you to ship goods to the firm of Gutterman & Youngerman at Goldsboro, North Carolina, because he was a partner? (Defendants' counsel objects. Objection sustained. Plaintiffs except.)"

We think this was error, for here was evidence contradicting the defendant, and to show that he claimed, represented, and held himself out to the world as a partner of Youngerman in this business. In an action to charge defendants as copartners the copartnership may be established as well by circumstances, declarations, admissions, and conduct as by direct proof. Rogers v. Murray, 110 N. Y. 658, 18 N. E. 261; Cassidy v. Hall, 97 N. Y. 169. See De Cordova v. Powter (Sup.) 1 N. Y. Supp. 147. The declarations of a party to the suit as to the existence of a partnership are competent to charge and prove him to have been a member of an alleged firm, and who were admitted by him to have been the persons composing it. See Kipper v. Sizer, 2 N. Y. St. Rep. 386. This testimony was important, as corroborating the contentions of the plaintiffs, and should have been submitted to the jury for their consideration. Judgment is therefore reversed, and a new trial ordered, with costs to abide the event. All concur.