(18 Misc. Rep. 430.)

KRAUS et al. v. J. H. MOHLMAN CO.

(Supreme Court, Appellate Term, First Department. November 25, 1896.)

1. APPEAL—FROM CITY COURT OF NEW YORK—REVIEW OF FACTS.
   The appellate term of the supreme court, on appeal from the general term of the city court of New York, cannot consider the facts, except to determine if there is any evidence to sustain the verdict.

**2. AGENT—RATIFICATION OF ACTS.**

Where defendant, in an action for the price of goods delivered to it pursuant to the order of an employé, denied the authority of the employé to give the order, evidence that the goods were retained by defendant for 40 days without complaint, and that its catalogue listed as for sale the particular brand of goods so delivered, which was made only by plaintiff, will support a finding of ratification. 40 N. Y. Supp. 367, affirmed.

**3. APPEAL—REVIEW OF INSTRUCTIONS.**

The appellate term of the supreme court, on appeal from the general term of the city court of New York, can review the charge only on exceptions thereto.

**4. TRIAL—ORDER OF PROOF.**

A trial court may, in its discretion, admit in evidence letters of the alleged agent of a party before proof of his agency, as such ruling relates merely to the order of proof.

**5. SALE—ACCEPTANCE OF GOODS—EVIDENCE.**

A catalogue issued by defendant to the trade, listing certain goods previously delivered by plaintiff, is admissible to show acceptance of the goods.

Appeal from city court of New York, general term.

Action by Joseph Kraus and others against the J. H. Mohlman Company for the price of cigars alleged to have been sold and delivered by plaintiffs to defendant. From a judgment of the city court affirming a judgment entered on a verdict in favor of plaintiffs (40 N. Y. Supp. 367), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Louis Cohen, for appellant.

M. S. Guiterman, for respondents.

BISCHOFF, J. The appellant's brief enters at some length into the questions of fact involved in this litigation, and counsel urges that the testimony given as the principal support of the plaintiffs' cause of action was successfully demonstrated to have been unworthy of belief, and that, generally, the preponderance of proof was against the verdict rendered. This question, however, was solely within the province of the general term below to determine; and our inquiry must be confined to questions of law presented by exceptions contained in the record, taking all controverted issues of fact to have been resolved favorably to the respondents by the verdict; and, by the affirmance of the jury's finding, this court is precluded from an examination into the merits other than for the purpose of discovering whether there was an absence of any evidence in support of the recovery. Carney v. Reilly (Sup.; Sept., 1896) 40 N. Y. Supp. 1123; Grier v. Hazard (Com. Pl.) 14 N. Y. Supp. 784. From the appellant's citation of authorities it appears that our jurisdiction over questions of fact arising upon the trial of causes in the district courts has been confounded with our limited power of review in such cases as the present, wherein we sit, not as a tribunal of fact, but as the ultimate tribunal of law.

The action was brought to recover the agreed price of 10,000 cigars, under a verbal contract for their sale and delivery to the defendant by the plaintiffs, upon the defendant's refusal to accept and make payment for the goods; and it is claimed for the appellant that the

trial justice erred in denying the motion for a dismissal of the complaint upon the grounds that the individual assuming to make this contract for the defendant had no authority so to do, and that the transaction was void under the statute of frauds, in that the value of the goods was over $50, and there having been no note or memorandum signed by the defendant at the time of the agreement. From the record, some evidence appears from which it was inferable that Brintzinghoffer, the agent through whom this contract was made, had authority from the president of the defendant corporation, Mr. Schmidt, to conclude the transaction in question; but, beyond this, the agent's testimony was that Mr. Schmidt approved of his act after the samples of these cigars were submitted. Furthermore, it is uncontradicted that 5,000 of the cigars were delivered by the plaintiffs to the defendant, and were retained by the latter for a period of 40 days, without objection; and the defendant's catalogue, as issued to the trade, contained a mention of this particular brand, made only by the plaintiffs, as offered for sale. Thus, whether the evidence as to original authority in Brintzinghoffer was satisfactory or not, there was some proof supporting a very reasonable inference of acceptance of the contract through acquiescence in the delivery during a considerable period of time, and also proof of a direct ratification. Therefore it is impossible to hold that the case should have been withheld from the jury upon this issue of agency; and so, too, of the defense of the statute of frauds, since proof in support of a part delivery and acceptance, sufficient to take the case without the statute, if found by the jury favorably to the plaintiffs, appeared in the record. It was entirely for the jury to say whether or not the defendant's retention of these goods, under all the circumstances of the case, amounted to an acceptance; and they were not unauthorized to find that it did, which finding rendered the defense, based upon the statute, unavailing. The issues were submitted to the jury under a charge in which the measure of damages was stated to be the contract price of the cigars, 10,000, as ordered, with interest; and the appellant now claims that there was no evidence showing the plaintiffs' readiness to deliver the remaining 5,000; hence that the damages should not have covered the contract price for goods to that extent. In answer, we may say that the appellant, by failing to raise the question upon the trial, and to take any exception to the charge, must be deemed, for the purposes of an appeal to this court, to have acquiesced in this manner of submission of the case; since, while the general term had power to review the charge without an exception (Austin v. Railroad Co. [Com. Pl.] 14 N. Y. Supp. 923), we may not do so (Crane v. Schloss, Id. 886). But, apart from this, it is to be noted that the plaintiffs' Exhibit 1 appears to furnish the proof that the goods undelivered were held by the plaintiffs subject to the defendant's order, and the rule of damages contended for by the appellant was not the proper one under the pleadings, which authorized a recovery only for the breach of an entire contract to accept goods at an agreed price. The vendors had elected this one of their available forms of redress, and consistently limited their proof of damage to the contract price. Therefore the evidence of the actual cost of

manufacture, sought to be elicited by the defendant, was immaterial, and properly excluded.

Exceptions were taken to the admission in evidence of letters written by Brintzinghoffer to the plaintiffs, relative to this transaction, at the time of making the contract, upon the ground that there was, at the time of the admission, no proof of authority to bind the defendant. We think that no error was committed in this regard. The matter had to do with the order of proof, which was within the discretion of the trial court; and, moreover, the question was one which did not depend upon original authority alone, since, by ratification, these acts of the agent, within the course of the transaction, could have become binding upon the defendants, and proof in that regard was afterwards forthcoming. The admission of the evidence, although unsupported by proof of authority at the time, was therefore not error, such as could call for a reversal of the judgment. Rogers v. Murray, 110 N. Y. 658, 18 N. E. 261; Smith v. Dodge (Sup.) 3 N. Y. Supp. 866.

The court properly admitted in evidence the "Cigar List," or catalogue, issued by the defendant to the trade, and mailed by Brintzinghoffer to the plaintiffs, containing a mention of this particular brand of cigars as being stock and for sale at retail. This paper was fully identified by the witness as being the printed catalogue issued by the defendant, and it was material in so far as it tended to show the latter's admission of the receipt and acceptance of the goods.

The other numerous exceptions taken by the appellant to rulings upon evidence have been examined, and are not found to call for individual discussion. In the majority of cases they were taken to discretionary rulings, and in no case is prejudicial error apparent.

The judgment must be affirmed, with costs. All concur.