323; Id. 150 N. Y. 37, 44 N. E. 718; In re Bronson's Estate, 150 N. Y. 1–8, 44 N. E. 707; In re James, 144 N. Y. 10, 38 N. E. 961.

Our conclusion, then, is that the act of 1887 did not give the surrogate's court jurisdiction over this property, and that such court has not acquired jurisdiction by virtue of the later amendments to the law, and now forming a part of the general tax law (chapter 908, Laws 1896), for the reason that the statute only attempts to confer jurisdiction on the surrogate's court over property of nonresident decedents within its territory, and there was no such property at the time of such enactment or subsequent thereto. Years before there has been, but it was lawfully taken out of the state and distributed.

The order appealed from should be reversed, and the proceedings dismissed, with $10 costs and printing disbursements. All concur.

---

(20 Misc. Rep. 309.)

MERCHANTS' EXCHANGE NAT. BANK v. WALLACH et al.

(Supreme Court, Appellate Term. May 27, 1897.)

1. TRIAL—INSTRUCTIONS—ASSUMPTION OF FACTS.
    A request to charge which assumes as proven a fact supported only by the testimony of a party, though such testimony is not contradicted, is properly refused.

2. TRIAL—RECEPTION OF EVIDENCE.
    It is discretionary with the court to admit evidence, the relevancy of which does not appear at the time, and the adverse party's remedy, if the relevancy is not afterwards shown, is by motion to strike out.

Appeal from city court of New York, general term.

Action by the Merchants' Exchange National Bank against Frank Wallach and others. From an affirmance of a judgment entered on a verdict in favor of plaintiff (43 N. Y. Supp. 1159), defendant Wallach appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Leopold Wallach, for appellant.

Seth B. Robinson, for respondent.

BISCHOFF, J.    To an action upon a promissory note made by the firm of Daters & Co., of which the defendant was a member, the defense of the statute of limitations was interposed, and the sole issue in the case was whether payments had been made upon the instrument within six years before the commencement of the action, which payments became binding upon the defendant, thereby removing the bar of the statute. The plaintiff was the payee of the note, of date August 4, 1888, payable in six months, and the action was commenced February 4, 1896. Thus, the lapse of more than six years between the accrual of the cause of action and its enforcement was apparent, and the action was barred, unless circumstances suspending the operation of the statute were shown. An actual payment of interest upon this note made by the firm of Daters & Co. to the plaintiff on February 7, 1891, was testified to; and while the defendant now attacks this testimony as lacking in particularity, and as be-

ing vague and inconclusive, it certainly furnished sufficient evidence
the justify the denial of the motion for the dismissal of the complaint,
and this is as far as we may inquire into the sufficiency of the proof.
It is claimed, however, that the firm was dissolved in the year 1889,
and that there was no authority in any person to bind the defendant
after that time; but from the evidence that a payment was made by
the firm itself in 1891 the jury could have inferred the assent of all,
the partners to such an act, since it was the act of all as a firm, or
the fact of the dissolution might not have been found; this resting
solely upon the uncorroborated testimony of the defendant himself,
—an interested witness. No notice of this alleged dissolution was
shown to have been given, and the plaintiff's evidence as to the firm's
own act of payment in 1891 supported a finding that that firm was
in existence at the time; at least, for this purpose.

So far, there was sufficient evidence to take the case to the jury,
but there remains to be considered the point made by the appellant
that the issues were submitted to that body upon yet a further and
untenable ground for the imposition of liability. It appeared that
as lately as December 18, 1893, a payment upon this note was made
by one Sturgis, an employé of the firm of Daters & Co., but not one
of its members; and the court left it to the jury to say whether
Sturgis had power to bind the defendant by this payment. Accord-
ing to the defendant's testimony, Sturgis was employed as a bookkeep-
er at the time of such payment, and was assisting one Hoffman, a
member or ex-member of the firm, in winding up its business. The
defendant further testified that Hoffman had authority from him to
make payments, and testimony was given by the plaintiff's attorney,
called as a witness, that the defendant had admitted to him that
"these payments [alluding to the payments of 1893 and earlier]
were made with Mr. Hoffman's authority." Thus, it would seem that
the jury might have found Sturgis' act to have been binding upon
the defendant; but the matter is not brought before us for review by
any exception in the record, and its discussion therefore becomes un-
necessary. In the course of argument upon the defendants' final
motion for the dismissal of the complaint, the court stated the grounds
for an adverse ruling, one of which was the propriety of submitting
to the jury the question as to the payment by Sturgis in 1893, and
the motion was denied under exception. This exception presented
no error, since the ruling was, in any event, supported by the evi-
dence of the payment made by the firm in 1891; and the defendant
took no exception to the charge of the court with regard to the mat-
ter of Sturgis' agency, nor was the question presented by any re-
quests to charge. But one request was made, and this had to do
with the burden of proof of authority in the person making any
payment, after the dissolution of the firm, in order that the defend-
ant might be affected by such payment. The refusal to charge this
request, as framed, was clearly proper, since the proposition was
directly founded upon the assumption that there had been a dissolu-
tion as testified to by the defendant, while this testimony, being that
of an interested witness, was not conclusive, and was for the jury to
credit or not, in their discretion.

Exception was taken to the admission in evidence of two letters from Sturgis to the plaintiff, which had been sent at the time of payments on account of the note in suit. These letters were relevant and material to the matters at issue, and, while Sturgis' agency to bind the defendant was not apparent when they were admitted in evidence, it by no means appeared that proof to connect him with them might not be afterwards forthcoming. It was discretionary with the court to admit the documents at the time, and, if the defendant was not satisfied that they were finally made competent by proof, a motion to strike them from the record should have been made. Vinegar Co. v. Schlegel, 143 N. Y. 537, 38 N. E. 729. But there was no such motion, and indeed some evidence of agency appeared from the testimony of the plaintiff's attorney as to the defendant's admission that the payments were made by Hoffman's authority, taken in connection with the defendant's own testimony that Hoffman was empowered to bind him by making payments. There was no error in the reception of these letters, when offered, which could require a reversal of the judgment. Kraus v. J. H. Mohlman Co., 18 Misc. Rep. 433, 42 N. Y. Supp. 23; Pohalski v. Ertheiler, 18 Misc. Rep. 33, 41 N. Y. Supp. 10. And it would appear that the connecting proof was sufficient as against a possible motion to strike out this evidence, which, however, was not made. No other points are brought to our attention, and we conclude that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.