### JOSEPH A. WRIGHT v. VINEYARD METHODIST EPISCOPAL CHURCH OF HUTCHINSON.

April 26, 1898.

Nos. 11,057—(107).

**Sale—Principal and Agent—Ratification—Sufficiency of Evidence.**
Evidence considered, and *held* that it conclusively shows that the defendant ratified the purchase of an organ, made for it by its assumed agent, from the plaintiff.

Appeal by plaintiff from an order of the district court for McLeod county, Cadwell, J., denying his alternative motion for judgment notwithstanding the verdict or for a new trial. Reversed.

*J. Van Valkenburg*, for appellant.

*M. C. Tifft*, for respondent.

START, C. J.

The complaint herein alleged that the plaintiff on September 1, 1893, sold and delivered to the defendant a church organ, at the agreed price of $200, no part of which has been paid, except $7.50, and demanded judgment accordingly. The answer was a general denial, except that it admitted that the defendant was a corporation. Verdict for the defendant, and the plaintiff appealed from an order denying his alternative motion for judgment notwithstanding the verdict, or for a new trial.

The organ was purchased (ostensibly for the defendant) of the plaintiff, at Minneapolis, by the then pastor of the church, Rev. L. W. Ray, and placed in its house of worship at Hutchinson. There is no substantial controversy on this point. But the defendant claimed that Mr. Ray was not authorized to make such contract for

it. The plaintiff claimed that the pastor was so authorized, but, if he was not in fact so authorized at the time he assumed to purchase the organ for the defendant, the defendant subsequently fully ratified his act. These issues were submitted to the jury after the trial court had denied the plaintiff's motion to direct a verdict for him. The verdict is, in effect, a finding that Mr. Ray was not authorized to buy the organ for the defendant, and that it never ratified his act. The plaintiff here claims that the finding is not sustained by the evidence, as to either issue. This raises the only question we need consider.

The evidence is undisputed that the defendant in the year 1893 entered upon the work of rebuilding and refurnishing its church building. For this purpose a building committee was duly appointed, of which the chairman was the pastor, Mr. Ray, who, with the tacit assent, at least, of the committee and the trustees of the church, assumed charge of the work, and of purchasing all necessary materials and furnishings. He ordered from or through the plaintiff, for the defendant, mill stuff, leaded glass, windows, paper, pews, carpets, pulpit, chairs, altar rail and communion table, all of which were afterwards paid for by the defendant. But as to the organ the testimony on the part of the trustees was to the effect that the pastor was never authorized to purchase it. The organ was shipped by the plaintiff shortly before September 1, 1893, consigned to the pastor, and one of the trustees paid the freight on it; and it was placed in the defendant's auditorium at the dedication of the church, September 1, 1893.

There is no dispute in the evidence as to the knowledge of the trustees and all of the officers of the defendant that the organ was so shipped by the plaintiff and placed in the church, but there is a conflict in the evidence as to whether the trustees were informed that the pastor had purchased the organ for the church. But accepting the testimony of the trustees as correct, and basing our decision upon it, we have the following undisputed facts: The organ was received by the defendant, and placed in its church, September 1, 1893. The trustees did not then know that the pastor had purchased it, but they were told that he had ordered it for the dedication services, and the price was $200 if the church bought it.

The defendant continued to use the organ for several months, and then, some time prior to January 1, 1894, the trustees voted not to buy the organ, but to send it back. But they went on using it, neither notifying the plaintiff of their action, nor returning the organ to him. Some time in the spring of 1894 they again voted as before, and the plaintiff was notified, probably in June; but still they retained and used the organ. Again, in the fall of 1894, they voted as before; and, as before, they retained and continued to use the organ, until about November, 1896 (more than three years in all), when they shipped the organ to the plaintiff, who has never received it.

There can be but one conclusion drawn from these facts, which is that, if Mr. Ray was not originally authorized to purchase the organ for the defendant, its trustees subsequently ratified his acts. It is true that the question whether a principal has by his acts and conduct ratified the unauthorized act of his assumed agent is usually one of fact for a jury; but, upon the undisputed evidence in this case, it must be held as a matter of law that the defendant ratified the act of the pastor, Ray, in purchasing the organ, even if it be conceded that he had no authority in the first instance. A statement of the facts is all that is necessary to say in support of this conclusion. The jury should have been directed to return a verdict for the plaintiff, as requested.

The order appealed from must therefore be reversed, and the cause remanded, with direction to the court below to enter judgment for the plaintiff for the amount claimed in his complaint, notwithstanding the verdict. So ordered.