RALPH REES v. F. L. STORMS.[1]

August 7, 1908.

Nos. 15,682—(187).

**Lease—Evidence.**

> In an action to recover rent it is *held* that the evidence sustains the findings of the trial court that the parties entered into a written lease for one year and that no subsequent modification thereof was made.

Action in the municipal court of Minneapolis to recover $50 alleged to be due as rent of certain premises. The case was tried before Charles L. Smith, J., who found in favor of plaintiff for the amount demanded. From an order denying defendant's motion to vacate the court's decision and for a new trial, he appealed. Affirmed.

*C. J. Traxler* and *J. R. Ware,* for appellant.

*Simon Meyers,* for respondent.

ELLIOTT, J.

In an action to recover rent the trial court found that between February 21, 1906, and March 1, 1906, Ralph Rees and F. L. Storms entered into a written lease, by the terms of which Rees leased to Storms certain premises in the city of Minneapolis for the period of one year from April 1, 1906, at a rental of $50 per month; that Storms accepted the lease, entered into and continued in possession of the premises thereunder, and paid the monthly rental of $50 except the sum of $20 balance due for the months of March and April; that Storms paid the rest of the rent at the rate of $50 including the month of October, 1906. Storms removed from the premises the last day of October, and this action was brought to recover the November rent.

The appeal is from an order denying the defendant's motion for a new trial, and the appellant's contentions are: (1) That the evidence is not sufficient to justify the findings of fact; (2) that the court erred in refusing to receive certain evidence; and (3) in striking out certain evidence after it had been received.

The appellant contended in the court below that the leasing was from month to month, that no written lease for a year was ever en-

[1] Reported in 117 N. W. 498.

tered into, that the written notice was no more than a notice of the raise of the rent, that he held from month to month until he terminated the lease by a formal notice dated August 31 to take effect September 30, and that he occupied the premises during October under a new oral agreement whereby he was to pay $50 for that month. The court found that there was no subsequent modification of the original agreement. We do not find it necessary to discuss the various assignments of error directed to specific findings of fact. There is evidence which fairly tends to sustain all the findings, and while by skilful analysis the appellant makes some of it appear of doubtful value we cannot interfere with the trial court's right to determine the question of the credibility of the witnesses and the weight of the evidence.

The evidence is sufficient to sustain the finding that the parties entered into a written lease for a year. There is some conflicting evidence; but it appears that the appellant went into possession of the premises January 1, 1904, under an oral lease from month to month at a rental of $40 a month. On February 21, 1906, Rees sent to Storms the following signed, written notice: "This is to notify you that on and after April 1, 1906, the rent of the stores No. 1901 and 1903 Nicollet avenue will be at the rate of fifty ($50.00) dollars per month for one year from above date." Storms then objected to paying the increased rate, but made no objection to the other terms of the note. An arrangement was made by which $50 a month was to be paid unless Rees, upon his return from California should decide otherwise. Storms paid $40 for April and May, and received receipts from the agent, which recited that the payments were on account and that a balance of $10 was unpaid for each month. Storms finally acceded to the demand for the payment of $50 a month, and on August 14, 1906, wrote Rees a letter in which the following language appeared: "I have paid $50 each for June and July. It is altogether too much for the accommodations here; but I have paid it the last two months and expect nothing less in the future. But I think it is only reasonable that you rebate the extra for April and May."

While the facts are not identical, the principle is the same as that applied in Stees v. Bergmeier, 91 Minn. 513, 515, 98 N. W. 648. The evidence which was excluded was received after the complaint was amended, and any error that may have been committed was thus ren-

dered innocuous. The question of the application of the statute of frauds was before this court on a former appeal, and it was said that "The statute of frauds did not avail defendant. The notice by plaintiff and the letter of defendant, construed together in the light of surrounding circumstances, supplied the statutory requirements as to signature and description of the premises." Rees v. Storms, 101 Minn. 381, 112 N. W. 419. See Ehrmanntraut v. Robinson, 52 Minn. 333, 54 N. W. 188.

Order affirmed.