ANTONIO DICHELLO *vs.* SOCIETA LIBERO PENSIERE.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 8th—decided May 9th, 1930.

*Jacob Belford* and *Joseph N. Manfreda,* for the appellant (plaintiff).

*Oswin H. D. Fowler,* for the appellee (defendant).

HINMAN, J. The essential facts appearing from the finding, as amended by such corrections as the appel-

lant is entitled to, are in substance as follows: On or about October 2d, 1923, the defendant society decided to procure a piano for its hall and appointed a committee consisting of Ferrie, its president, Valente, its treasurer, and the plaintiff, to look up such an instrument. When the committee went to New Haven for the purpose, Ferrie was unable to go and at his request Salvatore, the secretary of the society, went in his place. The three signed a contract for the purchase of a piano for $785 and the plaintiff paid $100 of his own money as the down payment required by the contract. On returning to Wallingford, the plaintiff handed the contract to Ferrie, the president, who protested against it but retained it in his possession. The piano was immediately delivered at the hall of the defendant and was used by the orchestra furnishing music for a dance held by the society soon thereafter. The matter of the piano was discussed by the society at subsequent meetings and on November 17th it was voted to endeavor to secure in place of it a less expensive instrument. However, nothing was done about it and the piano remained in the hall until March, 1924, when a suit was brought against the society by the vendor. Upon an adjustment made of that action the piano was returned to the vendor.

The plaintiff was not authorized or requested by the society to advance his own money toward the purchase of the piano, but the secretary and the treasurer were present when the payment was made and joined in executing the contract contemplating the payment, the president was informed as to the terms of the contract, which was turned over to him, and it is to be inferred from the subsequent discussions of the contract, that the members of the society were also informed as to its terms. Notwithstanding, the piano was retained, without any act of repudiation of the contract or of the

payment made by the plaintiff thereunder, for more than four months, until suit was brought by the vendor and then, instead of resisting the contract as unauthorized, the society made a settlement which, necessarily, must have taken into account the payment made to the vendor from the plaintiff's personal funds.

The facts are sufficient to establish knowledge, actual or imputed, by the defendant, of the acts of the plaintiff (*Holczer* v. *Independent Brass City Lodge, Inc.,* 104 Conn. 539, 541, 133 Atl. 666) and such an acceptance thereof, including the advancement made by him, as to constitute a ratification entitling him to recover. *Matulis* v. *Gans,* 107 Conn. 562, 567, 141 Atl. 870; *Ansonia* v. *Cooper,* 64 Conn. 536, 544, 30 Atl. 760; *Wright* v. *Vineyard M. E. Church,* 72 Minn. 78, 74 N. W. 1015; *Haney School Furniture Co.* v. *Hightower Baptist Institute,* 113 Ga. 289, 38 S. E. 761; *Campbell* v. *Millar,* 84 Ill. App. 208; *Odiorne* v. *Maxcy,* 13 Mass. 178, 181; *Kraus* v. *Mohlman Co.,* 18 Misc. 430, 42 N. Y. Supp. 23; *Russell* v. *Waterloo Threshing Machine Co.,* 17 N. D. 248, 116 N. W. 611; 1 Mechem on Agency (2d Ed.) §§ 452, 463.

There is error, the judgment is reversed and the Court of Common Pleas directed to enter judgment for the plaintiff for $100 and interest from October 2d, 1923.

In this opinion the other judges concurred.